UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

YOLANDA DANIELS
In re Carrie Williams,

        Plaintiff,

    v.                                    Case No. 09-CV-651

EASTER SEALS, INC.,
formerly known as Kindcare, Inc.,

        Defendant.

_____

## ORDER

*Pro se* plaintiff Yolanda Daniels ("Daniels") filed this action alleging neglect by defendant Easter Seals, Inc. while the defendant was serving as temporary guardian for her aunt, Carrie Williams ("Williams"). Daniels' very brief complaint asserts that Williams developed a bedsore that became septic during the temporary guardianship period and that the sepsis ultimately resulted in Williams's death. Daniels did not plead a basis for the court's jurisdiction and the existence of subject matter jurisdiction was not apparent from the four-line statement of Daniels' claim. Given the plaintiff's *pro se* filing status, the court allowed her an opportunity to show cause why her case should not be dismissed for lack of subject matter jurisdiction. Daniels responded by filing a one-page statement. (See Docket #5). Daniels' statement does little to assist the court in finding a federal claim arising from her complaint. Daniels states only that "Easter Seals could have let [Williams] leave with me But [sic] they denied her the right to leave."

As this court previously advised the plaintiff, it may only exercise jurisdiction over cases involving a federal question, pursuant to 28 U.S.C. § 1331, or cases involving diverse parties where the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332. *Jogi v. Voges*, 480 F.3d 822, 825 (7th Cir. 2007); *Andrews v. E.I. Du Pont de Nemours & Co.*, 447 F.3d 510, 514 (7th Cir. 2006). Subject matter jurisdiction does not exist under either statute here. First, Daniels' claim regarding negligent healthcare resulting in her aunt's unfortunate death does not arise under federal law, treaties, or the U.S. Constitution. *See Jogi*, 480 F.3d at 825. Further, Daniels' response does nothing to clarify for the court that her complaint means to allege a federal claim. Any claim that Daniels has regarding her aunt's bedsore and resulting sepsis is more appropriately brought in state court, and not federal court. Second, Daniels' complaint reveals that all parties are citizens of Wisconsin. Therefore, complete diversity does not exist between the plaintiff and the defendant. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). Consequently, the court cannot exercise jurisdiction over Daniels' lawsuit and will dismiss the case.

Accordingly,

**IT IS ORDERED** that Daniels' action be and the same is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Daniels' motion for leave to proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED as moot**.

The clerk is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge